FILED IN THE
US DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

MAY 2 4 2007

JAMES R. LARSEN, CLERK
_____DEPUTY
SPOKANE, WASHINGTON

James A. McDevitt
United States Attorney
Eastern District of Washington
Thomas J. Hopkins
Assistant United States Attorney
Post Office Box 1494
Spokane, WA  99210-1494
Telephone:  (509) 353-2767

# CR-07-0087-WFN

## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | INDICTMENT |
| Plaintiff, ) | Vio: 18 U.S.C. § 1956(a)(2)(B)(i) Money Laundering (Counts 1-3, 5-6) |
| vs. ) | 18 U.S.C. § 1343 Wire Fraud (Counts 4, 7-13) |
| FREDERICK MANFRED SIMON, ) | 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461 Forfeiture (Count 14) |
| Defendant. ) | |

The Grand Jury charges:

### THE DEFENDANT AND HIS BUSINESS

At all times material to this Indictment:

1. Defendant FREDERICK MANFRED SIMON owned and operated Railway Logistics International, Inc.

2. Railway Logistics International, Inc., was incorporated in the State of Montana in 2002 and was re-incorporated in the State of Delaware in 2004. Railway Logistics International, Inc., was in the business of offering for sale railway and industrial components and equipment.

INDICTMENT - 1

Indictment.wpd

3. Railway Logistics International, Inc., maintained a checking account at Bank of America in Spokane, Washington. Defendant FREDERICK MANFRED SIMON and his father had signature authority on the business checking account.

<u>THE SCHEME TO DEFRAUD: ADVANCE FEE SCHEME</u>

4. Beginning on a date unknown to the Grand Jury, but not later than on or about July 6, 2002, and continuing until at least on or about February 2, 2007, in the Eastern District of Washington and elsewhere, defendant FREDERICK MANFRED SIMON devised, and intended to devise, a scheme and artifice to defraud and to obtain money by means of materially false and fraudulent pretenses, representations, and promises involving the sale of railway and industrial components and equipment.

5. It was a part of the scheme and artifice to defraud that defendant FREDERICK MANFRED SIMON transmitted, and caused to be transmitted, writings, signs, signals, and pictures by means of wire and radio in interstate and foreign commerce for the purpose of executing the scheme and artiface to defraud, in that the defendant had Railway Logistics International, Inc., maintain a website that represented the company's ability to supply railway and industrial components and equipment.

6. It was a further part of the scheme and artifice to defraud that defendant FREDERICK MANFRED SIMON transmitted, and caused to be transmitted, writings, signs, signals, and pictures by means of wire and radio in interstate and foreign commerce for the purpose of executing the scheme and artiface to defraud, in that the defendant used e-mail, telephone calls, and facsimile transmissions, and caused customers to use e-mail, telephone calls, and wire transfers of funds, and through these means the defendant would agree to sell railway and industrial components and equipment; would collect money as partial or full payment from the customers based on pretenses, representations, and promises that Railway

INDICTMENT - 2

Indictment.wpd

1  Logistics International, Inc., had the specific components or equipment available,

2  or had the ability to acquire the specific components or equipment; would fail to

3  deliver the components or equipment to the buyers; and would fail to refund the

4  money that the customers paid to Railway Logistics International, Inc., for the

5  components or equipment.

6  <u>COUNT ONE</u>

7      7. Paragraphs 1 through 6 of the Indictment are incorporated into Count

8  One by this reference.

9      8. On or about July 12, 2004, in the Eastern District of Washington and

10  elsewhere, defendant FREDERICK MANFRED SIMON did knowingly and

11  intentionally cause a monetary instrument and funds, in the amount of

12  approximately $2,500, to be transmitted and transferred from a place inside the

13  United States, specifically, Spokane, Washington, to a place outside the United

14  States, specifically, Frankfurt, Germany, knowing that the monetary instrument

15  and the funds involved in the transmission and the transfer represented the

16  proceeds of some form of unlawful activity, and knowing that the transmission and

17  the transfer of the monetary instrument and the funds was designed in whole or in

18  part to conceal and disguise the location, the ownership, and the control of the

19  proceeds of specified unlawful activity, specifically, wire fraud in violation of

20  Title 18, United States Code, Section 1343, that the defendant committed by

21  making a material false representation to Instruser Company, of Miami, Florida, in

22  connection with the purported sale by Railway Logistics International, Inc., a

23  company that FREDERICK MANFRED SIMON controlled, of electric panels for

24  a locomotive, which the defendant did not intend to deliver; all in violation of

25  Title 18, United States Code, Sections 1956(a)(2)(B)(i) and 2.

26

27

28

INDICTMENT - 3

Indictment.wpd

1

COUNT TWO

2    9.   Paragraphs 1 through 6 of the Indictment are incorporated into Count

3   Two by this reference.

4    10.   On or about July 21, 2004, in the Eastern District of Washington and

5   elsewhere, defendant FREDERICK MANFRED SIMON did knowingly and

6   intentionally cause a monetary instrument and funds, in the amount of

7   approximately $600, to be transmitted and transferred from a place inside the

8   United States, specifically, Spokane, Washington, to a place outside the United

9   States, specifically, Frankfurt, Germany, knowing that the monetary instrument

10  and the funds involved in the transmission and the transfer represented the

11  proceeds of some form of unlawful activity, and knowing that the transmission and

12  the transfer of the monetary instrument and the funds was designed in whole or in

13  part to conceal and disguise the location, the ownership, and the control of the

14  proceeds of specified unlawful activity, specifically, wire fraud in violation of

15  Title 18, United States Code, Section 1343, that the defendant committed by

16  making a material false representation to Instruser Company, of Miami, Florida, in

17  connection with the purported sale by Railway Logistics International, Inc., a

18  company that FREDERICK MANFRED SIMON controlled, of electric panels for

19  a locomotive, which the defendant did not intend to deliver; all in violation of

20  Title 18, United States Code, Sections 1956(a)(2)(B)(i) and 2.

21

COUNT THREE

22    11.   Paragraphs 1 through 6 of the Indictment are incorporated into Count

23  Three by this reference.

24    12.   On or about July 30, 2004, in the Eastern District of Washington and

25  elsewhere, defendant FREDERICK MANFRED SIMON did knowingly and

26  intentionally cause a monetary instrument and funds, in the amount of

27  approximately $500, to be transmitted and transferred from a place inside the

28

INDICTMENT - 4

Indictment.wpd

1  United States, specifically, Spokane, Washington, to a place outside the United

2  States, specifically, Frankfurt, Germany, knowing that the monetary instrument

3  and the funds involved in the transmission and the transfer represented the

4  proceeds of some form of unlawful activity, and knowing that the transmission and

5  the transfer of the monetary instrument and the funds was designed in whole or in

6  part to conceal and disguise the location, the ownership, and the control of the

7  proceeds of specified unlawful activity, specifically, wire fraud in violation of

8  Title 18, United States Code, Section 1343, that the defendant committed by

9  making a material false representation to Instruser Company, of Miami, Florida, in

10  connection with the purported sale by Railway Logistics International, Inc., a

11  company that FREDERICK MANFRED SIMON controlled, of electric panels for

12  a locomotive, which the defendant did not intend to deliver; all in violation of

13  Title 18, United States Code, Sections 1956(a)(2)(B)(i) and 2.

14                                    COUNT FOUR

15         13. Paragraphs 1 through 6 of the Indictment are incorporated into Count

16  Four by this reference.

17         14. On or about October 8, 2004, in the Eastern District of Washington and

18  elsewhere, defendant FREDERICK MANFRED SIMON, for the purpose of

19  executing a scheme and artifice to defraud and to obtain money by means of

20  material false and fraudulent pretenses and representations, knowingly caused

21  Power Resources Limited, in Bowden, Cheshire, United Kingdom, to arrange for a

22  wire transfer in the amount of $39,302.06, that traveled in foreign and interstate

23  commerce, from National Westminster Bank, in the United Kingdom, to an

24  account for Railway Logistics International, Inc., a company that FREDERICK

25  MANFRED SIMON controlled, at Bank of America in Spokane, Washington,

26  which represented full payment on diesel engine parts that Power Resources

27  Limited ordered through an exchange of e-mails and a telephone call from

28
INDICTMENT - 5

Indictment.wpd

1    FREDERICK MANFRED SIMON's company, but which FREDERICK

2    MANFRED SIMON did not intend to deliver; all in violation of Title 18, United

3    States Code, Section 1343.

COUNT FIVE

5        15. Paragraphs 1 through 6 of the Indictment are incorporated into Count

6    Five by this reference.

7        16. On or about October 8, 2004, in the Eastern District of Washington and

8    elsewhere, defendant FREDERICK MANFRED SIMON did knowingly and

9    intentionally cause a monetary instrument and funds, in the amount of

10    approximately $30,000, to be transmitted and transferred from a place inside the

11    United States, specifically, Spokane, Washington, to a place outside the United

12    States, specifically, Frankfurt, Germany, knowing that the monetary instrument

13    and the funds involved in the transmission and the transfer represented the

14    proceeds of some form of unlawful activity, and knowing that the transmission and

15    the transfer of the monetary instrument and the funds was designed in whole or in

16    part to conceal and disguise the location, the ownership, and the control of the

17    proceeds of specified unlawful activity, specifically, wire fraud in violation of

18    Title 18, United States Code, Section 1343, that the defendant committed by

19    making a material false representation to Power Resources Limited, in Bowden,

20    Cheshire, United Kingdom, in connection with the purported sale by Railway

21    Logistics International, Inc., a company that FREDERICK MANFRED SIMON

22    controlled, of diesel engine parts, which the defendant did not intend to deliver; all

23    in violation of Title 18, United States Code, Sections 1956(a)(2)(B)(i) and 2.

COUNT SIX

25        17. Paragraphs 1 through 6 of the Indictment are incorporated into Count

26    Six by this reference.

27

28

INDICTMENT - 6

Indictment.wpd

1    18.  On or about October 13, 2004, in the Eastern District of Washington
2  and elsewhere, defendant FREDERICK MANFRED SIMON did knowingly and
3  intentionally cause a monetary instrument and funds, in the amount of
4  approximately $4,000, to be transmitted and transferred from a place inside the
5  United States, specifically, Spokane, Washington, to a place outside the United
6  States, specifically, Frankfurt, Germany, knowing that the monetary instrument
7  and the funds involved in the transmission and the transfer represented the
8  proceeds of some form of unlawful activity, and knowing that the transmission and
9  the transfer of the monetary instrument and the funds was designed in whole or in
10  part to conceal and disguise the location, the ownership, and the control of the
11  proceeds of specified unlawful activity, specifically, wire fraud in violation of
12  Title 18, United States Code, Section 1343, that the defendant committed by
13  making a material false representation to Power Resources Limited, in Bowden,
14  Cheshire, United Kingdom, in connection with the purported sale by Railway
15  Logistics International, Inc., a company that FREDERICK MANFRED SIMON
16  controlled, of diesel engine parts, which the defendant did not intend to deliver; all
17  in violation of Title 18, United States Code, Sections 1956(a)(2)(B)(i) and 2.

18                                COUNT SEVEN
19    19.  Paragraphs 1 through 6 of the Indictment are incorporated into Count
20  Seven by this reference.
21    20.  On or about January 12, 2005, in the Eastern District of Washington
22  and elsewhere, defendant FREDERICK MANFRED SIMON, for the purpose of
23  executing a scheme and artiface to defraud and to obtain money by means of
24  material false and fraudulent pretenses and representations, knowingly caused D
25  and L Diesels, Limited, in Wigan, United Kingdom, to arrange for a wire transfer
26  in the amount of $10,881, that traveled in foreign and interstate commerce, from
27  Yorkshire Bank in the United Kingdom, to an account for Railway Logistics
28

INDICTMENT - 7

Indictment.wpd

1  International, Inc., a company that FREDERICK MANFRED SIMON controlled,

2  at Bank of America, in Spokane, Washington, which represented a partial payment

3  on diesel engine parts that D and L Diesels, Limited, ordered through an exchange

4  of e-mails and facsimile transmissions from FREDERICK MANFRED SIMON's

5  company, but which FREDERICK MANFRED SIMON did not intend to deliver;

6  all in violation of Title 18, United States Code, Section 1343.

7                                         COUNT EIGHT

8        21. Paragraphs 1 through 6 of the Indictment are incorporated into Count

9  Eight by this reference.

10       22. On or about March 15, 2005, in the Eastern District of Washington and

11 elsewhere, defendant FREDERICK MANFRED SIMON, for the purpose of

12 executing a scheme and artiface to defraud and to obtain money by means of

13 material false and fraudulent pretenses and representations, knowingly caused

14 Codimo S.A., in Barcelona, Spain, to arrange for a wire transfer in the amount of

15 $24,434.08, that traveled in foreign and interstate commerce, from Banco Popular

16 Espanol, in Spain, to an account for Railway Logistics International, Inc., a

17 company that FREDERICK MANFRED SIMON controlled, at Bank of America

18 in Spokane, Washington, which represented partial payment for fuel injectors, a

19 gasket, 64 fuel injector nozzles, and a test bench for fuel injectors that Codimo

20 S.A. ordered through an exchange of e-mails from FREDERICK MANFRED

21 SIMON's company, but which FREDERICK MANFRED SIMON did not intend

22 to deliver; all in violation of Title 18, United States Code, Section 1343.

23                                         COUNT NINE

24       23. Paragraphs 1 through 6 of the Indictment are incorporated into Count

25 Nine by this reference.

26       24. On or about March 29, 2005, in the Eastern District of Washington and

27 elsewhere, defendant FREDERICK MANFRED SIMON, for the purpose of

28

INDICTMENT - 8

Indictment.wpd

1  executing a scheme and artifice to defraud and to obtain money by means of

2  material false and fraudulent pretenses and representations, knowingly caused

3  Consorcio de Ingenieria del Sureste S.A. de C.V., in Col. Napoles, Mexico, to

4  arrange for a wire transfer in the amount of $19,213.19, that traveled in foreign

5  and interstate commerce, from ScotiaBank Inverlat S.A., in Mexico, to an account

6  for Railway Logistics International, Inc., a company that FREDERICK

7  MANFRED SIMON controlled, at Bank of America in Spokane, Washington,

8  which represented full payment on a component for a Mexican naval vessel that

9  Consorcio de Ingenieria del Sureste S.A. de C.V. ordered through an exchange of

10  e-mails and telephone calls from FREDERICK MANFRED SIMON's company,

11  but which FREDERICK MANFRED SIMON did not intend to deliver; all in

12  violation of Title 18, United States Code, Section 1343.

13  <u>COUNT TEN</u>

14  25. Paragraphs 1 through 6 of the Indictment are incorporated into Count

15  Ten by this reference.

16  26. On or about September 8, 2005, in the Eastern District of Washington

17  and elsewhere, defendant FREDERICK MANFRED SIMON, for the purpose of

18  executing a scheme and artifice to defraud and to obtain money by means of

19  material false and fraudulent pretenses and representations, knowingly caused

20  Keno Corporation, in El Paso, Texas, which was acting on behalf of Aurora

21  Electric Motors, of Mexico, to arrange for a wire transfer in the amount of

22  $16,500, that traveled in interstate commerce, from Chase Bank of Texas, in

23  Houston, Texas, to an account for Railway Logistics International, Inc., a

24  company that FREDERICK MANFRED SIMON controlled, at Bank of America

25  in Spokane, Washington, which represented partial payment on six electric motors

26  that Aurora Electric Motors ordered through an exchange of e-mails and telephone

27  calls from FREDERICK MANFRED SIMON's company, but which FREDERICK

28

INDICTMENT - 9

Indictment.wpd

1  MANFRED SIMON did not intend to deliver; all in violation of Title 18, United

2  States Code, Section 1343.

3                              COUNT ELEVEN

4        27.  Paragraphs 1 through 6 of the Indictment are incorporated into Count

5  Eleven by this reference.

6        28.  On or about April 7, 2006, in the Eastern District of Washington and

7  elsewhere, defendant FREDERICK MANFRED SIMON, for the purpose of

8  executing a scheme and artiface to defraud and to obtain money by means of

9  material false and fraudulent pretenses and representations, knowingly caused

10  Upstate Power Components, Clifton Park, New York, to arrange for a wire transfer

11  in the amount of $3,000, that traveled in interstate commerce, from NBT Bank,

12  N.A., in Norwich, New York, to an account for Railway Logistics International,

13  Inc., a company that FREDERICK MANFRED SIMON controlled, at Bank of

14  America in Spokane, Washington, which represented partial payment on

15  locomotive parts that Upstate Power Components ordered through an exchange of

16  e-mails and a telephone call from FREDERICK MANFRED SIMON's company,

17  but which FREDERICK MANFRED SIMON did not intend to deliver; all in

18  violation of Title 18, United States Code, Section 1343.

19                              COUNT TWELVE

20        29.  Paragraphs 1 through 6 of the Indictment are incorporated into Count

21  Twelve by this reference.

22        30.  On or about July 18, 2006, in the Eastern District of Washington and

23  elsewhere, defendant FREDERICK MANFRED SIMON, for the purpose of

24  executing a scheme and artiface to defraud and to obtain money by means of

25  material false and fraudulent pretenses and representations, knowingly caused

26  Goltens Business, in Dubai, United Arab Emirates, to arrange for a wire transfer in

27  the amount of $25,896.84, that traveled in foreign and interstate commerce, from

28

INDICTMENT - 10

Indictment.wpd

1  Standard Chartered Bank Limited, in the United Arab Emirates, to an account for

2  Railway Logistics International, Inc., a company that FREDERICK MANFRED

3  SIMON controlled, at Bank of America in Spokane, Washington, which

4  represented full payment on a crank shaft that Goltens Business ordered through

5  an exchange of e-mails from FREDERICK MANFRED SIMON's company, but

6  which FREDERICK MANFRED SIMON did not intend to deliver; all in violation

7  of Title 18, United States Code, Section 1343.

8  COUNT THIRTEEN

9      31.  Paragraphs 1 through 6 of the Indictment are incorporated into Count

10  Thirteen by this reference.

11      32.  On or about January 10, 2007, in the Eastern District of Washington

12  and elsewhere, defendant FREDERICK MANFRED SIMON, for the purpose of

13  executing a scheme and artifice to defraud and to obtain money by means of

14  material false and fraudulent pretenses and representations, knowingly caused

15  AmeriMex Motors and Controls, Inc., Houston, Texas, to arrange for a wire

16  transfer in the amount of $19,500, that traveled in interstate commerce, from

17  Comerica Bank, Dallas, Texas, to an account for Railway Logistics International,

18  Inc., a company that FREDERICK MANFRED SIMON controlled, at Bank of

19  America in Spokane, Washington, which represented partial payment on traction

20  motors that AmeriMex Motors and Controls, Inc., ordered through an exchange of

21  e-mails from FREDERICK MANFRED SIMON's company, but which

22  FREDERICK MANFRED SIMON did not intend to deliver; all in violation of

23  Title 18, United States Code, Section 1343.

24  COUNT FOURTEEN

25      33.  Upon conviction of one or more of the offenses that are alleged in

26  Counts One through Thirteen of this Indictment, defendant FREDERICK

27  MANFRED SIMON shall forfeit to the United States of America, pursuant to Title

28  INDICTMENT - 11

Indictment.wpd

18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code,

Section 2461(c), any property constituting proceeds, or derived from proceeds,

obtained directly or indirectly as a result of the violations, including, but not

limited to, the following:

Money Judgment

A sum of money equal to $164,417.17 in United States currency, representing the amount of proceeds obtained as a result of the money laundering and wire fraud offenses.

If any of the above-described forfeitable property, as a result of any act or

omission of the defendant:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the Court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code,

Section 853(p) and Title 28, United States Code, Section 2461, to seek forfeiture

of any other property of the defendant up to the value of the forfeitable property

described above.

DATED this _3 4_ day of May, 2007.

A TRUE BILL

James A. McDevitt
United States Attorney

Thomas J. Hopkins
Assistant United States Attorney

INDICTMENT - 12

Indictment.wpd