James A. McDevitt
United States Attorney
Eastern District of Washington
Thomas J. Hopkins
Assistant United States Attorney
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

APR 23 2008

JAMES R. LARSEN, CLERK
_____DEPUTY
SPOKANE, WASHINGTON

# CR-07-0087-WFN

## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF WASHINGTON

UNITED STATES OF AMERICA,

          Plaintiff,

vs.

FREDERICK MANFRED SIMON and
MANFRED O. SIMON,

          Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

SUPERSEDING
INDICTMENT

Vio: 18 U.S.C. §§ 371, 1341,
1343 - Conspiracy to
Commit Mail Fraud and
Wire Fraud (Count 1)

18 U.S.C. § 1956(a)(2)(B)(i)
- Money Laundering
(Counts 2-4, 6-7)

18 U.S.C. § 1343 - Wire
Fraud (Counts 5, 8, 10, 13-
17)

18 U.S.C. § 1341 - Mail
Fraud (Counts 9, 11, 12,
18)

18 U.S.C. § 981(a)(1)(C)
and 28 U.S.C. § 2461 -
Forfeiture (Count 19)

The Grand Jury charges:

### THE DEFENDANTS AND THEIR BUSINESS

At all times material to this Superseding Indictment:

1. Defendant FREDERICK MANFRED SIMON owned and operated
Railway Logistics International, Inc.

SUPERSEDING INDICTMENT - 1

SupersedingIndictment.First.wpd

1    2. Defendant MANFRED O. SIMON was the Treasurer and Chief Financial

2 Officer for Railway Logistics International, Inc.  He is the father of defendant

3 FREDERICK MANFRED SIMON.

4    3. Railway Logistics International, Inc., was incorporated in the State of

5 Montana in 2002 and was re-incorporated in the State of Delaware in 2004.

6 Railway Logistics International, Inc., was in the business of offering for sale

7 railway and industrial components and equipment.

8    4. Railway Logistics International, Inc., maintained a checking account at

9 Bank of America in Spokane, Washington.  Defendants FREDERICK MANFRED

10 SIMON and MANFRED O. SIMON had signature authority on the business

11 checking account.

12             THE SCHEME TO DEFRAUD:  ADVANCE FEE SCHEME

13    5. Beginning on a date unknown to the Grand Jury, but not later than on or

14 about July 12, 2004, and continuing until at least on or about March 12, 2007, in

15 the Eastern District of Washington and elsewhere, defendant FREDERICK

16 MANFRED SIMON devised, and intended to devise, a scheme and artifice to

17 defraud and to obtain money and property by means of materially false and

18 fraudulent pretenses, representations, and promises involving the sale of railway

19 and industrial components and equipment and the acquisition of railway and

20 industrial components and equipment.

21    6. It was a part of the scheme and artifice to defraud that defendant

22 FREDERICK MANFRED SIMON transmitted, and caused to be transmitted,

23 writings, signs, signals, and pictures by means of wire and radio in interstate and

24 foreign commerce for the purpose of executing the scheme and artifice to defraud,

25 in that FREDERICK MANFRED SIMON had Railway Logistics International,

26 Inc., maintain a website that represented the company's ability to supply railway

27 and industrial components and equipment.

28

SUPERSEDING INDICTMENT - 2

SupersedingIndictment.First.wpd

1    7. It was a further part of the scheme and artifice to defraud that defendants

2  FREDERICK MANFRED SIMON and MANFRED O. SIMON transmitted, and

3  caused to be transmitted, writings, signs, signals, and pictures by means of wire

4  and radio in interstate and foreign commerce for the purpose of executing the

5  scheme and artifice to defraud, in that the defendants used e-mail, telephone calls,

6  and facsimile transmissions, and caused customers to use e-mail, telephone calls,

7  facsimile transmissions, and wire transfers of funds, and through these means the

8  defendants would agree to sell railway and industrial components and equipment;

9  would collect money as partial or full payment from the customers based on

10  material pretenses, representations, and promises that Railway Logistics

11  International, Inc., had the specific components or equipment available, or had the

12  ability to acquire the specific components or equipment.  Railway Logistics

13  International, Inc. would fail to deliver some or all of the components or

14  equipment to the buyers; and would fail to refund the money that the customers

15  paid to Railway Logistics International, Inc., for the components or equipment.

16    8. It was a further part of the scheme and artifice to defraud that defendants

17  FREDERICK MANFRED SIMON and MANFRED O. SIMON transmitted, and

18  caused to be transmitted, writings, signs, signals, and pictures by means of wire

19  and radio in interstate and foreign commerce for the purpose of executing the

20  scheme and artifice to defraud, in that the defendants used e-mail, telephone calls,

21  facsimile transmissions, and wire transfers of funds, and caused suppliers to use e-

22  mail, telephone calls, and facsimile transmissions, and through these means the

23  defendants would agree to purchase railway and industrial components and

24  equipment based on material pretenses, representations, and promises that Railway

25  Logistics International, Inc., would pay the suppliers for the railway and industrial

26  components and equipment according to the terms that the suppliers set when the

27  defendants knew that Railway Logistics International, Inc., would not pay the

28

SUPERSEDING INDICTMENT - 3

SupersedingIndictment.First.wpd

1  suppliers according to the suppliers' terms.

2        9. It was a further part of the scheme and artifice to defraud that defendants

3  FREDERICK MANFRED SIMON and MANFRED O. SIMON placed in a post

4  office or an authorized depository for mail matter, and caused to be placed in a

5  post office or an authorized depository for mail matter, an item to be sent and

6  delivered according to the direction on the item by the U.S. Postal Service; and

7  deposited and caused to be deposited an item to be sent and delivered according to

8  the direction on the item by a commercial interstate carrier; and received an item

9  that had been sent and delivered through the U.S. Postal Service; and received an

10  item that had been sent and delivered through a commercial interstate carrier; for

11  the purpose of executing the scheme and artifice to defraud, and for the purpose of

12  attempting to execute the scheme and artifice to defraud, in that the defendants

13  used the U.S. Postal Service and a commercial interstate carrier, and caused

14  customers to use the U.S. Postal Service and a commercial interstate carrier, to

15  send partial or full payment and documents related to orders based on material

16  pretenses, representations, and promises that Railway Logistics International, Inc.,

17  had the specific components or equipment available, or had the ability to acquire

18  the specific components or equipment. Railway Logistics International, Inc.,

19  would fail to deliver some or all of the components or equipment to the buyers and

20  would fail to refund the money that the customers paid to Railway Logistics

21  International, Inc., for the components or equipment.

22        10. It was a further part of the scheme and artifice to defraud that

23  defendants FREDERICK MANFRED SIMON and MANFRED O. SIMON caused

24  suppliers to place in a post office or an authorized depository for mail matter, an

25  item to be sent and delivered according to the direction on the item by the U.S.

26  Postal Service; and that the defendants received an item that had been sent and

27  delivered through the U.S. Postal Service; for the purpose of executing the scheme

28

SUPERSEDING INDICTMENT - 4

SupersedingIndictment.First.wpd

1  and artifice to defraud, and for the purpose of attempting to execute the scheme

2  and artifice to defraud, in that the defendants used the U.S. Postal Service, and

3  caused suppliers to use the U.S. Postal Service, to send invoices and other

4  documents related to orders based on material pretenses, representations, and

5  promises that Railway Logistics International, Inc., would pay the suppliers for the

6  railway and industrial components and equipment according to the terms that the

7  suppliers set when the defendants knew that Railway Logistics International, Inc.,

8  would not pay the suppliers according to the suppliers' terms.

9

10  <u>COUNT ONE:  CONSPIRACY TO COMMIT MAIL AND WIRE FRAUD</u>

11      11.  Paragraphs 1 through 10 of the Superseding Indictment are

12  incorporated into Count One by this reference.

13      12.  Beginning on a date unknown to the Grand Jury, but not later than on or

14  about July 12, 2004, and continuing until at least on or about March 12, 2007, in

15  Spokane County, Eastern District of Washington, and elsewhere, defendants

16  FREDERICK MANFRED SIMON and MANFRED O. SIMON did knowingly

17  and intentionally agree and conspire with each other to devise a scheme and

18  artifice to defraud and to obtain money and property by means of material false

19  and fraudulent pretenses, representations, and promises, through the use of wire

20  communications in interstate and foreign commerce, specifically, interstate and

21  international e-mails, telephone calls, facsimile transmissions, and wire transfers

22  of funds, and through the use of the U.S. Postal Service and a commercial

23  interstate carrier, specifically, to receive payments and other documents related to

24  orders from customers and to receive invoices and other documents related to

25  orders from suppliers, for the purpose of executing the scheme or artifice to

26  defraud.

27

28

SUPERSEDING INDICTMENT - 5

SupersedingIndictment.First.wpd

13.  In furtherance of the agreement and to accomplish the objects of the conspiracy, defendants FREDERICK MANFRED SIMON and MANFRED O. SIMON performed the following overt acts in the Eastern District of Washington and elsewhere:

A.  On or about July 12, 2004, MANFRED O. SIMON arranged for a wire transfer in the amount of $2,500 from the account of Railway Logistics International, Inc., at Bank of America in Spokane, Washington, to the account of FREDERICK MANFRED SIMON at Deutsche Bank in Frankfurt, Germany.

B.  On or about July 21, 2004, MANFRED O. SIMON arranged for a wire transfer in the amount of $600 from the account of Railway Logistics International, Inc., at Bank of America in Spokane, Washington, to the account of FREDERICK MANFRED SIMON at Deutsche Bank in Frankfurt, Germany.

C.  On or about July 30, 2004, MANFRED O. SIMON arranged for a wire transfer in the amount of $500 from the account of Railway Logistics International, Inc., at Bank of America in Spokane, Washington, to the account of FREDERICK MANFRED SIMON at Deutsche Bank in Frankfurt, Germany.

D.  On or about August 8, 2004, FREDERICK MANFRED SIMON sent an e-mail to Instruser Company that informed the customer that its order was expected to be ready in the coming week and that a representative of Instruser Company should plan to come to "our facility in Spokane," Washington, if the company wanted to inspect the components.

E.  On or about August 31, 2004, MANFRED O. SIMON arranged for a wire transfer in the amount of $3,500 from the account of

SUPERSEDING INDICTMENT - 6

1  Railway Logistics International, Inc., at Bank of America in Spokane,
2  Washington, to the account of FREDERICK MANFRED SIMON at
3  Deutsche Bank in Frankfurt, Germany.
4      F.  On or about September 14, 2004, MANFRED O. SIMON arranged
5  for a wire transfer in the amount of $200 from the account of Railway
6  Logistics International, Inc., at Bank of America in Spokane,
7  Washington, to the account of FREDERICK MANFRED SIMON at
8  Deutsche Bank in Frankfurt, Germany.
9      G.  On or about October 8, 2004, MANFRED O. SIMON arranged
10  for a wire transfer in the amount of $30,000 from the account of
11  Railway Logistics International, Inc., at Bank of America in Spokane,
12  Washington, to the account of FREDERICK MANFRED SIMON at
13  Deutsche Bank in Frankfurt, Germany.
14      H.  On or about October 13, 2004, MANFRED O. SIMON arranged
15  for a wire transfer in the amount of $4,000 from the account of
16  Railway Logistics International, Inc., at Bank of America in Spokane,
17  Washington, to the account of FREDERICK MANFRED SIMON at
18  Deutsche Bank in Frankfurt, Germany.
19      I.  On or about October 15, 2004, MANFRED O. SIMON arranged
20  for a wire transfer in the amount of $4,000 from the account of
21  Railway Logistics International, Inc., at Bank of America in Spokane,
22  Washington, to the account of FREDERICK MANFRED SIMON at
23  Deutsche Bank in Frankfurt, Germany.
24      J.  On or about October 21, 2004, MANFRED O. SIMON arranged
25  for a wire transfer in the amount of $4,000 from the account of
26  Railway Logistics International, Inc., at Bank of America in Spokane,
27  Washington, to the account of FREDERICK MANFRED SIMON at
28

SUPERSEDING INDICTMENT - 7

Deutsche Bank in Frankfurt, Germany.

K.  On or about October 26, 2004, MANFRED O. SIMON arranged for a wire transfer in the amount of $1,000 from the account of Railway Logistics International, Inc., at Bank of America in Spokane, Washington, to the account of FREDERICK MANFRED SIMON at Deutsche Bank in Frankfurt, Germany.

L.  On or about November 1, 2004, MANFRED O. SIMON arranged for a wire transfer in the amount of $2,000 from the account of Railway Logistics International, Inc., at Bank of America in Spokane, Washington, to the account of FREDERICK MANFRED SIMON at Deutsche Bank in Frankfurt, Germany.

M.  On or about January 7, 2005, FREDERICK MANFRED SIMON sent an e-mail to Power Resources Limited that informed the customer that a portion of its order "has been dropped at another freight forwarder" and that the customer would receive updates from FREDERICK MANFRED SIMON or "our warehouse/shipping manager."

N.  On or about January 19, 2005, FREDERICK MANFRED SIMON prepared a Purchase Order to obtain o-rings and gaskets from Durox Company.

O.  On or about March 23, 2005, FREDERICK MANFRED SIMON sent an e-mail to Consorcio de Ingenieria del Sureste S.A. de C.V., stating that he would advise "our financial manager" about the customer's plan to send a wire transfer of funds and offering "to dispatch one of our West Coast technical representatives to the site to assist with the work" if the repairs to the Mexican naval vessel was to occur at Pearl Harbor, Hawaii.

SUPERSEDING INDICTMENT - 8

SupersedingIndictment.First.wpd

P.  On or about March 30, 2005, MANFRED O. SIMON arranged for a wire transfer in the amount of $5,000 from the account of Railway Logistics International, Inc., at Bank of America in Spokane, Washington, to the account of FREDERICK MANFRED SIMON at Deutsche Bank in Frankfurt, Germany.

Q.  On or about April 25, 2005, FREDERICK MANFRED SIMON sent an e-mail to Melex Fuel Injection Systems, Inc., with a copy to "msimon@railogist.com", asking "Where did you send the invoices?" The e-mail provided a mailing address for invoices: "Railway Logistics International Corp., Attn: Accts Pybl, N9986 Newport Hwy #165, Spokane, WA 99218."

R.  On or about May 5, 2005, FREDERICK MANFRED SIMON sent an e-mail to Codimo, S.A., stating that he had referred the customer's request for a refund to the Finance Manager.

S.  On or about June 17, 2005, FREDERICK MANFRED SIMON sent an e-mail to D and L Diesels, Limited, that informed the customer that another employee of Railway Logistics International, Inc., "is out on an emergency operation" and assuring the customer that Railway Logistics International will "get this wrapped up."

T.  On or about September 2, 2005, FREDERICK MANFRED SIMON sent an e-mail to Aurora Electric Motors that provided the customer with bank account information for Railway Logistics International, Inc., and requested a 50% down payment.

U.  On or about May 17, 2006, FREDERICK MANFRED SIMON sent an e-mail to Upstate Power Components that informed the customer that Railway Logistics International, Inc., would wire a refund.

1   V.  Sometime between July 15, 2006, and November 21, 2006,

2   FREDERICK MANFRED SIMON provided the Managing Director

3   of Goltens Business with cellular telephone number (302) 565-4939

4   so that the Managing Director could discuss with him the failure of

5   Railway Logistics International, Inc., to deliver the crank shaft that

6   the customer had ordered.

7   W.  On or about January 10, 2007, FREDERICK MANFRED

8   SIMON sent an e-mail to Technology International, Inc., stating that

9   he "just received word from Manny, our Finance Manager and he

10  prefers that the funds are transferred by wire to the account

11  information shown on the face of our formal quote (see attached)."

12  X.  On or about January 11, 2007, FREDERICK MANFRED SIMON

13  sent an e-mail to AmeriMex Motor and Controls, Inc., stating that

14  Railway Logistics International, Inc.'s, "finance manager has

15  confirmed the receipt of your wire – thank you."

16  Y.  On or about February 22, 2007, FREDERICK MANFRED

17  SIMON signed an affidavit under oath asserting that Railway

18  Logistics International, Inc., had not paid Clark Filter, Inc., because

19  Railway Logistics International had delivered the parts that Clark

20  Filter, Inc., had supplied on a military contract in Iraq and the United

21  States Government had not yet paid Railway Logistics International.

22  14.  All in violation of Title 18, United States Code, Sections 371, 1341, and

23  1343.

24  <u>COUNT TWO: MONEY LAUNDERING</u>

25  15.  Paragraphs 1 through 10 of the Superseding Indictment are

26  incorporated into Count Two by this reference.

27

28

SUPERSEDING INDICTMENT - 10

SupersedingIndictment.First.wpd

1    16.  On or about July 12, 2004, in Spokane County, Eastern District of

2  Washington, and elsewhere, defendants FREDERICK MANFRED SIMON and

3  MANFRED O. SIMON did knowingly and intentionally cause a monetary

4  instrument and funds, in the amount of approximately $2,500, to be transmitted

5  and transferred from a place inside the United States, specifically, Spokane,

6  Washington, to a place outside the United States, specifically, Frankfurt, Germany,

7  knowing that the monetary instrument and the funds involved in the transmission

8  and the transfer represented the proceeds of some form of unlawful activity, and

9  knowing that the transmission and the transfer of the monetary instrument and the

10  funds was designed in whole or in part to conceal and disguise the location, the

11  ownership, and the control of the proceeds of specified unlawful activity,

12  specifically, wire fraud in violation of Title 18, United States Code, Section 1343,

13  that FREDERICK MANFRED SIMON committed by making a material false

14  representation to Instruser Company, of Miami, Florida, in connection with the

15  purported sale by Railway Logistics International, Inc., a company that

16  FREDERICK MANFRED SIMON controlled, of electric panels for a locomotive,

17  which FREDERICK MANFRED SIMON did not intend to deliver; all in violation

18  of Title 18, United States Code, Sections 1956(a)(2)(B)(i) and 2.

19    COUNT THREE:  MONEY LAUNDERING

20    17.  Paragraphs 1 through 10 of the Superseding Indictment are

21  incorporated into Count Three by this reference.

22    18.  On or about July 21, 2004, in Spokane County, Eastern District of

23  Washington, and elsewhere, defendants FREDERICK MANFRED SIMON and

24  MANFRED O. SIMON did knowingly and intentionally cause a monetary

25  instrument and funds, in the amount of approximately $600, to be transmitted and

26  transferred from a place inside the United States, specifically, Spokane,

27  Washington, to a place outside the United States, specifically, Frankfurt, Germany,

28

SUPERSEDING INDICTMENT - 11

1  knowing that the monetary instrument and the funds involved in the transmission

2  and the transfer represented the proceeds of some form of unlawful activity, and

3  knowing that the transmission and the transfer of the monetary instrument and the

4  funds was designed in whole or in part to conceal and disguise the location, the

5  ownership, and the control of the proceeds of specified unlawful activity,

6  specifically, wire fraud in violation of Title 18, United States Code, Section 1343,

7  that FREDERICK MANFRED SIMON committed by making a material false

8  representation to Instruser Company, of Miami, Florida, in connection with the

9  purported sale by Railway Logistics International, Inc., a company that

10  FREDERICK MANFRED SIMON controlled, of electric panels for a locomotive,

11  which FREDERICK MANFRED SIMON did not intend to deliver; all in violation

12  of Title 18, United States Code, Sections 1956(a)(2)(B)(i) and 2.

13  <u>COUNT FOUR:  MONEY LAUNDERING</u>

14      19.  Paragraphs 1 through 10 of the Superseding Indictment are

15  incorporated into Count Four by this reference.

16      20.  On or about July 30, 2004, in Spokane County, Eastern District of

17  Washington, and elsewhere, defendants FREDERICK MANFRED SIMON and

18  MANFRED O. SIMON did knowingly and intentionally cause a monetary

19  instrument and funds, in the amount of approximately $500, to be transmitted and

20  transferred from a place inside the United States, specifically, Spokane,

21  Washington, to a place outside the United States, specifically, Frankfurt, Germany,

22  knowing that the monetary instrument and the funds involved in the transmission

23  and the transfer represented the proceeds of some form of unlawful activity, and

24  knowing that the transmission and the transfer of the monetary instrument and the

25  funds was designed in whole or in part to conceal and disguise the location, the

26  ownership, and the control of the proceeds of specified unlawful activity,

27  specifically, wire fraud in violation of Title 18, United States Code, Section 1343,

28

SUPERSEDING INDICTMENT - 12

1  that FREDERICK MANFRED SIMON committed by making a material false

2  representation to Instruser Company, of Miami, Florida, in connection with the

3  purported sale by Railway Logistics International, Inc., a company that

4  FREDERICK MANFRED SIMON controlled, of electric panels for a locomotive,

5  which FREDERICK MANFRED SIMON did not intend to deliver; all in violation

6  of Title 18, United States Code, Sections 1956(a)(2)(B)(i) and 2.

7  <u>COUNT FIVE: WIRE FRAUD</u>

8      21. Paragraphs 1 through 10 of the Superseding Indictment are

9  incorporated into Count Five by this reference.

10      22. On or about October 8, 2004, in Spokane County, Eastern District of

11  Washington, and elsewhere, defendant FREDERICK MANFRED SIMON, for the

12  purpose of executing a scheme and artifice to defraud and to obtain money by

13  means of material false and fraudulent pretenses and representations, knowingly

14  caused Power Resources Limited, in Bowden, Cheshire, United Kingdom, to

15  arrange for a wire transfer in the amount of $39,302.06, that traveled in foreign

16  and interstate commerce, from National Westminster Bank, in the United

17  Kingdom, to an account for Railway Logistics International, Inc., a company that

18  FREDERICK MANFRED SIMON controlled, at Bank of America in Spokane,

19  Washington, which represented full payment on diesel engine parts that Power

20  Resources Limited ordered through an exchange of e-mails and a telephone call

21  from FREDERICK MANFRED SIMON's company, but which FREDERICK

22  MANFRED SIMON did not intend to deliver in full; all in violation of Title 18,

23  United States Code, Sections 1343 and 2.

24  <u>COUNT SIX: MONEY LAUNDERING</u>

25      23. Paragraphs 1 through 10 of the Superseding Indictment are

26  incorporated into Count Six by this reference.

27

28

SUPERSEDING INDICTMENT - 13

SupersedingIndictment.First.wpd

24.  On or about October 8, 2004, in Spokane County, Eastern District of Washington, and elsewhere, defendants FREDERICK MANFRED SIMON and MANFRED O. SIMON did knowingly and intentionally cause a monetary instrument and funds, in the amount of approximately $30,000, to be transmitted and transferred from a place inside the United States, specifically, Spokane, Washington, to a place outside the United States, specifically, Frankfurt, Germany, knowing that the monetary instrument and the funds involved in the transmission and the transfer represented the proceeds of some form of unlawful activity, and knowing that the transmission and the transfer of the monetary instrument and the funds was designed in whole or in part to conceal and disguise the location, the ownership, and the control of the proceeds of specified unlawful activity, specifically, wire fraud in violation of Title 18, United States Code, Section 1343, that FREDERICK MANFRED SIMON committed by making a material false representation to Power Resources Limited, in Bowden, Cheshire, United Kingdom, in connection with the purported sale by Railway Logistics International, Inc., a company that FREDERICK MANFRED SIMON controlled, of diesel engine parts, which FREDERICK MANFRED SIMON did not intend to deliver in full; all in violation of Title 18, United States Code, Sections 1956(a)(2)(B)(i) and 2.

## COUNT SEVEN: MONEY LAUNDERING

25.  Paragraphs 1 through 10 of the Superseding Indictment are incorporated into Count Seven by this reference.

26.  On or about October 13, 2004, in Spokane County, Eastern District of Washington, and elsewhere, defendants FREDERICK MANFRED SIMON and MANFRED O. SIMON did knowingly and intentionally cause a monetary instrument and funds, in the amount of approximately $4,000, to be transmitted and transferred from a place inside the United States, specifically, Spokane,

SUPERSEDING INDICTMENT - 14

SupersedingIndictment.First.wpd

1  Washington, to a place outside the United States, specifically, Frankfurt, Germany,

2  knowing that the monetary instrument and the funds involved in the transmission

3  and the transfer represented the proceeds of some form of unlawful activity, and

4  knowing that the transmission and the transfer of the monetary instrument and the

5  funds was designed in whole or in part to conceal and disguise the location, the

6  ownership, and the control of the proceeds of specified unlawful activity,

7  specifically, wire fraud in violation of Title 18, United States Code, Section 1343,

8  that FREDERICK MANFRED SIMON committed by making a material false

9  representation to Power Resources Limited, in Bowden, Cheshire, United

10  Kingdom, in connection with the purported sale by Railway Logistics

11  International, Inc., a company that FREDERICK MANFRED SIMON controlled,

12  of diesel engine parts, which FREDERICK MANFRED SIMON did not intend to

13  deliver in full; all in violation of Title 18, United States Code, Sections

14  1956(a)(2)(B)(i) and 2.

15  <u>COUNT EIGHT:  WIRE FRAUD</u>

16      27.  Paragraphs 1 through 10 of the Superseding Indictment are

17  incorporated into Count Eight by this reference.

18      28.  On or about January 12, 2005, in Spokane County, Eastern District of

19  Washington, and elsewhere, defendant FREDERICK MANFRED SIMON, for the

20  purpose of executing a scheme and artifice to defraud and to obtain money by

21  means of material false and fraudulent pretenses and representations, knowingly

22  caused D and L Diesels, Limited, in Wigan, United Kingdom, to arrange for a wire

23  transfer in the amount of $10,881, that traveled in foreign and interstate

24  commerce, from Yorkshire Bank in the United Kingdom, to an account for

25  Railway Logistics International, Inc., a company that FREDERICK MANFRED

26  SIMON controlled, at Bank of America, in Spokane, Washington, which

27  represented a partial payment on diesel engine parts that D and L Diesels, Limited,

28

SUPERSEDING INDICTMENT - 15

1  ordered through an exchange of e-mails and facsimile transmissions from

2  FREDERICK MANFRED SIMON's company, but which FREDERICK

3  MANFRED SIMON did not intend to deliver; all in violation of Title 18, United

4  States Code, Sections 1343 and 2.

5  <u>COUNT NINE:  MAIL FRAUD</u>

6  29.  Paragraphs 1 through 10 of the Superseding Indictment are

7  incorporated into Count Nine by this reference.

8  30.  On or about February 8, 2005, in Spokane County, Eastern District of

9  Washington, and elsewhere, defendant FREDERICK MANFRED SIMON, for the

10  purpose of executing the scheme and artifice to defraud, and attempting to execute

11  the scheme and artifice to defraud, and to obtain property by means of material

12  false and fraudulent pretenses and representations, knowingly caused to be placed

13  in a post office or an authorized depository for mail matter, an envelope to be sent

14  and delivered according to the direction on the envelope by the U.S. Postal

15  Service, from Clark Filter, Inc., in Lancaster, Pennsylvania, to Railway Logistics

16  International, ATTN: Manfred O. Simon, N. 9986 Newport Highway # 282,

17  Spokane, Washington, 99218-0282, which envelope contained invoices for filter

18  elements in the aggregate amount of $27,893.76, which Railway Logistics

19  International, Inc., ordered, but for which FREDERICK MANFRED SIMON did

20  not intend to pay according to the terms that the supplier set, and FREDERICK

21  MANFRED SIMON knowingly received the envelope from the U.S. Postal

22  Service; all in violation of Title 18, United States Code, Sections 1341 and 2.

23  <u>COUNT TEN:  WIRE FRAUD</u>

24  31.  Paragraphs 1 through 10 of the Superseding Indictment are

25  incorporated into Count Ten by this reference.

26  32.  On or about March 15, 2005, in Spokane County, Eastern District of

27  Washington, and elsewhere, defendant FREDERICK MANFRED SIMON, for the

28

SUPERSEDING INDICTMENT - 16

1   purpose of executing a scheme and artifice to defraud and to obtain money by

2   means of material false and fraudulent pretenses and representations, knowingly

3   caused Codimo S.A., in Barcelona, Spain, to arrange for a wire transfer in the

4   amount of $24,434.08, that traveled in foreign and interstate commerce, from

5   Banco Popular Espanol, in Spain, to an account for Railway Logistics

6   International, Inc., a company that FREDERICK MANFRED SIMON controlled,

7   at Bank of America in Spokane, Washington, which represented partial payment

8   for fuel injectors, a gasket, 64 fuel injector nozzles, and a test bench for fuel

9   injectors that Codimo S.A. ordered through an exchange of e-mails from

10  FREDERICK MANFRED SIMON's company, but which FREDERICK

11  MANFRED SIMON did not intend to deliver; all in violation of Title 18, United

12  States Code, Sections 1343 and 2.

13                    COUNT ELEVEN:  MAIL FRAUD

14        33.  Paragraphs 1 through 10 of the Superseding Indictment are

15  incorporated into Count Eleven by this reference.

16        34.  On or about March 15, 2005, in Spokane County, Eastern District of

17  Washington, and elsewhere, defendant FREDERICK MANFRED SIMON, for the

18  purpose of executing the scheme and artifice to defraud, and attempting to execute

19  the scheme and artifice to defraud, and to obtain property by means of material

20  false and fraudulent pretenses and representations, knowingly caused to be placed

21  in a post office or an authorized depository for mail matter, an envelope to be sent

22  and delivered according to the direction on the envelope by the U.S. Postal

23  Service, from Durox Company, in Strongsville, Ohio, to Railway Logistics

24  International, N9986 Newport Highway #165, Spokane, Washington, 99218-0165,

25  which envelope contained an invoice for o-rings and gaskets in the aggregate

26  amount of $4,217.89, which Railway Logistics International, Inc., ordered, but for

27  which FREDERICK MANFRED SIMON did not intend to pay according to the

28

SUPERSEDING INDICTMENT - 17

SupersedingIndictment.First.wpd

1  terms that the supplier set; all in violation of Title 18, United States Code,

2  Sections 1341 and 2.

3                    COUNT TWELVE:  MAIL FRAUD

4       35.  Paragraphs 1 through 10 of the Superseding Indictment are

5  incorporated into Count Twelve by this reference.

6       36.  On or about March 18, 2005, in Spokane County, Eastern District of

7  Washington, and elsewhere, defendant FREDERICK MANFRED SIMON, for the

8  purpose of executing the scheme and artifice to defraud, and attempting to execute

9  the scheme and artifice to defraud, and to obtain property by means of material

10  false and fraudulent pretenses and representations, knowingly caused to be placed

11  in a post office or an authorized depository for mail matter, an envelope to be sent

12  and delivered according to the direction on the envelope by the U.S. Postal

13  Service, from Melex Fuel Injection Systems, Inc., in Raleigh, North Carolina, to

14  Railway Logistics International, N. 9986 Newport Highway, Spokane,

15  Washington, 99248, which envelope contained an invoice for gaskets and plunger

16  barrel assemblies in the aggregate amount of $2,256.76, which Railway Logistics

17  International, Inc., ordered, but for which FREDERICK MANFRED SIMON did

18  not intend to pay according to the terms that the supplier set; all in violation of

19  Title 18, United States Code, Sections 1341 and 2.

20                    COUNT THIRTEEN:  WIRE FRAUD

21       37.  Paragraphs 1 through 10 of the Superseding Indictment are

22  incorporated into Count Thirteen by this reference.

23       38.  On or about March 29, 2005, in Spokane County, Eastern District of

24  Washington, and elsewhere, defendant FREDERICK MANFRED SIMON, for the

25  purpose of executing a scheme and artifice to defraud and to obtain money by

26  means of material false and fraudulent pretenses and representations, knowingly

27  caused Consorcio de Ingenieria del Sureste S.A. de C.V., in Col. Napoles, Mexico,

28

SUPERSEDING INDICTMENT - 18

SupersedingIndictment.First.wpd

1    to arrange for a wire transfer in the amount of $19,213.19, that traveled in foreign

2    and interstate commerce, from ScotiaBank Inverlat S.A., in Mexico, to an account

3    for Railway Logistics International, Inc., a company that FREDERICK

4    MANFRED SIMON controlled, at Bank of America in Spokane, Washington,

5    which represented full payment on a component for a Mexican naval vessel that

6    Consorcio de Ingenieria del Sureste S.A. de C.V. ordered through an exchange of

7    e-mails and telephone calls from FREDERICK MANFRED SIMON's company,

8    but which FREDERICK MANFRED SIMON did not intend to deliver; all in

9    violation of Title 18, United States Code, Sections 1343 and 2.

10                    COUNT FOURTEEN: WIRE FRAUD

11          39.  Paragraphs 1 through 10 of the Superseding Indictment are

12    incorporated into Count Fourteen by this reference.

13          40.  On or about September 8, 2005, in Spokane County, Eastern District of

14    Washington, and elsewhere, defendant FREDERICK MANFRED SIMON, for the

15    purpose of executing a scheme and artifice to defraud and to obtain money by

16    means of material false and fraudulent pretenses and representations, knowingly

17    caused Keno Corporation, in El Paso, Texas, which was acting on behalf of

18    Aurora Electric Motors, of Mexico, to arrange for a wire transfer in the amount of

19    $16,500, that traveled in interstate commerce, from Chase Bank of Texas, in

20    Houston, Texas, to an account for Railway Logistics International, Inc., a

21    company that FREDERICK MANFRED SIMON controlled, at Bank of America

22    in Spokane, Washington, which represented partial payment on six electric motors

23    that Aurora Electric Motors ordered through an exchange of e-mails and telephone

24    calls from FREDERICK MANFRED SIMON's company, but which FREDERICK

25    MANFRED SIMON did not intend to deliver; all in violation of Title 18, United

26    States Code, Sections 1343 and 2.

27

28

SUPERSEDING INDICTMENT - 19

SupersedingIndictment.First.wpd

1

## COUNT FIFTEEN:  WIRE FRAUD

2      41.  Paragraphs 1 through 10 of the Superseding Indictment are

3   incorporated into Count Fifteen by this reference.

4      42.  On or about April 7, 2006, in Spokane County, Eastern District of

5   Washington, and elsewhere, defendant FREDERICK MANFRED SIMON, for the

6   purpose of executing a scheme and artifice to defraud and to obtain money by

7   means of material false and fraudulent pretenses and representations, knowingly

8   caused Upstate Power Components, Clifton Park, New York, to arrange for a wire

9   transfer in the amount of $3,000, that traveled in interstate commerce, from NBT

10  Bank, N.A., in Norwich, New York, to an account for Railway Logistics

11  International, Inc., a company that FREDERICK MANFRED SIMON controlled,

12  at Bank of America in Spokane, Washington, which represented partial payment

13  on locomotive parts that Upstate Power Components ordered through an exchange

14  of e-mails and a telephone call from FREDERICK MANFRED SIMON's

15  company, but which FREDERICK MANFRED SIMON did not intend to deliver;

16  all in violation of Title 18, United States Code, Sections 1343 and 2.

17

## COUNT SIXTEEN:  WIRE FRAUD

18     43.  Paragraphs 1 through 10 of the Superseding Indictment are

19  incorporated into Count Sixteen by this reference.

20     44.  On or about July 18, 2006, in Spokane County, Eastern District of

21  Washington, and elsewhere, defendant FREDERICK MANFRED SIMON, for the

22  purpose of executing a scheme and artifice to defraud and to obtain money by

23  means of material false and fraudulent pretenses and representations, knowingly

24  caused Goltens Business, in Dubai, United Arab Emirates, to arrange for a wire

25  transfer in the amount of $25,896.84, that traveled in foreign and interstate

26  commerce, from Standard Chartered Bank Limited, in the United Arab Emirates,

27  to an account for Railway Logistics International, Inc., a company that

28

SUPERSEDING INDICTMENT - 20

1   FREDERICK MANFRED SIMON controlled, at Bank of America in Spokane,

2   Washington, which represented full payment on a crank shaft that Goltens

3   Business ordered through an exchange of e-mails from FREDERICK MANFRED

4   SIMON's company, but which FREDERICK MANFRED SIMON did not intend

5   to deliver; all in violation of Title 18, United States Code, Sections 1343 and 2.

6                    COUNT SEVENTEEN: WIRE FRAUD

7        45. Paragraphs 1 through 10 of the Superseding Indictment are

8   incorporated into Count Seventeen by this reference.

9        46. On or about January 10, 2007, in Spokane County, Eastern District of

10  Washington, and elsewhere, defendant FREDERICK MANFRED SIMON, for the

11  purpose of executing a scheme and artifice to defraud and to obtain money by

12  means of material false and fraudulent pretenses and representations, knowingly

13  caused AmeriMex Motor and Controls, Inc., Houston, Texas, to arrange for a wire

14  transfer in the amount of $19,500, that traveled in interstate commerce, from

15  Comerica Bank, Dallas, Texas, to an account for Railway Logistics International,

16  Inc., a company that FREDERICK MANFRED SIMON controlled, at Bank of

17  America in Spokane, Washington, which represented partial payment on traction

18  motors that AmeriMex Motor and Controls, Inc., ordered through an exchange of

19  e-mails from FREDERICK MANFRED SIMON's company, but which

20  FREDERICK MANFRED SIMON did not intend to deliver; all in violation of

21  Title 18, United States Code, Sections 1343 and 2.

22                    COUNT EIGHTEEN: MAIL FRAUD

23        47. Paragraphs 1 through 10 of the Superseding Indictment are

24  incorporated into Count Eighteen by this reference.

25        48. On or about January 9, 2007, in Spokane County, Eastern District of

26  Washington, and elsewhere, defendant FREDERICK MANFRED SIMON, for the

27  purpose of executing the scheme and artifice to defraud, and attempting to execute

28

SUPERSEDING INDICTMENT - 21

SupersedingIndictment.First.wpd

1   the scheme and artifice to defraud, and to obtain money by means of material false

2   and fraudulent pretenses and representations, knowingly caused to be deposited an

3   envelope which contained a check, dated January 9, 2007, in the amount of

4   $5,000, that was drawn on the checking account of Technology International, Inc,

5   at the Bank of America, that was made payable to Railogist International, Inc., and

6   that represented a down payment for locomotive fuel gauges that Technology

7   International, Inc., ordered, to be sent and delivered by a commercial interstate

8   carrier, specifically, United Parcel Service, Next Day Air, from Technology

9   International, Inc., in Winter Springs, Florida, to Railogist International, Inc., in

10  Spokane, Washington, and FREDERICK MANFRED SIMON knowingly received

11  the envelope from United Parcel Service, Next Day Air, but FREDERICK

12  MANFRED SIMON did not intend to deliver the locomotive fuel gauges; all in

13  violation of Title 18, United States Code, Sections 1341 and 2.

<u>COUNT NINETEEN: FORFEITURE</u>

15      49.  Upon conviction of one or more of the offenses that are alleged in

16  Counts One through Eighteen of this Superseding Indictment, defendant

17  FREDERICK MANFRED SIMON shall forfeit to the United States of America,

18  pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28,

19  United States Code, Section 2461(c), any property constituting proceeds, or

20  derived from proceeds, obtained directly or indirectly as a result of the violations,

21  including, but not limited to, the following:

22      <u>Money Judgment</u>

23      A sum of money equal to $201,785.58 in United States currency,
    representing the amount of proceeds obtained as a result of the money

24  laundering, wire fraud, and mail fraud offenses.

25      If any of the above-described forfeitable property, as a result of any act or

26  omission of FREDERICK MANFRED SIMON:

SUPERSEDING INDICTMENT - 22

SupersedingIndictment.First.wpd

1 (a) cannot be located upon the exercise of due diligence;

2 (b) has been transferred or sold to, or deposited with, a third party;

3 (c) has been placed beyond the jurisdiction of the Court;

4 (d) has been substantially diminished in value; or

5 (e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p) and Title 28, United States Code, Section 2461, to seek forfeiture of any other property of FREDERICK MANFRED SIMON up to the value of the forfeitable property described above.

DATED this _23_ day of April, 2008.

A TRUE BILL

_[signature]_ FAUSA
James A. McDevitt
United States Attorney
FOR

_[signature]_
Thomas J. Hopkins
Assistant United States Attorney

SUPERSEDING INDICTMENT - 23

SupersedingIndictment.First.wpd