1
2
3
4
5                    UNITED STATES DISTRICT COURT
6                   EASTERN DISTRICT OF WASHINGTON
7   UNITED STATES OF AMERICA,        )
                                     )    NO.      CR-07-0087-WFN-1
8                    Plaintiff,      )             CR-07-0087-WFN-2
                                     )
9        -vs-                        )
                                     )    ORDER GRANTING
10  FREDERICK MANFRED SIMON,         )    RULE 29 MOTIONS
    MANFRED OTTO SIMON,              )
11                                   )
                     Defendants.     )
12

13        A jury trial commenced in this matter on October 20, 2008 and concluded on

14  November 11, 2008.  During the course of the trial Defendant Frederick M. Simon filed a

15  Motion for Acquittal Pursuant to FRCrP 29 (Ct. Rec. 157) on the money laundering counts

16  (Counts 2, 3, 4, 6 and 7).  Defendant Manfred O. Simon made an oral Rule 29 Motion as to

17  all counts.  The Court denied Manfred O. Simon's oral motion in part, but reserved ruling in

18  part on the money laundering counts.  The Court also reserved ruling on Frederick M. Simon's

19  Motion.

20        The jury returned its verdict on November 11, 2008, finding Frederick M. Simon and

21  Manfred O. Simon guilty on each of the money laundering counts (Counts 2, 3, 4, 6 and 7).

22  Guilty verdicts were also returned on a number of other counts.

23        The Court has reviewed the file, the Rule 29 Motions and the Government's Response.

24  For the reasons stated below the Court grants Frederick M. Simon's Motion for Acquittal

25  Pursuant to FRCrP 29 (Ct. Rec. 157) and Manfred O. Simon's oral Rule 29 motion as to the

26  money laundering counts.

ORDER GRANTING RULE 29 MOTIONS - 1

**DISCUSSION**

Rule 29(a) requires the trial court to grant a motion for judgment of acquittal on any offense for which the evidence is insufficient to sustain a conviction.  Federal Rule of Criminal Procedure 29(a).  "The trial court must determine whether, viewing the evidence in the light most favorable to the government, the jury could reasonably find the defendant guilty beyond a reasonable doubt."  *United State v. Hazeem*, 679 F.2d 770, 772 (9th Cir. 1982).

Here the Defendants were each charged with 5 counts of international money laundering in violation of 18 U.S.C. § 1956(a)(2)(B)(i).   The statute provides:

> (2) Whoever transports, transmits, or transfers, or attempts to transport, transmit, or transfer a monetary instrument or funds from a place in the United States to or through a place outside the United States or to a place in the United States from or through a place outside the United States—
>
> . . .
>
> B) knowing that the monetary instrument or funds involved in the transportation, transmission, or transfer represent the proceeds of some form of unlawful activity and knowing that such transportation, transmission, or transfer is designed in whole or in part--
>
> (i) to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds of specified unlawful activity; . . .
>
> shall be sentenced to a fine of not more than $500,000 or twice the value of the monetary instrument or funds involved in the transportation, transmission, or transfer whichever is greater, or imprisonment for not more than twenty years, or both . . . .

The Second Superseding Indictment only alleges an intent to conceal or disguise the location, the ownership or control of the proceeds (Ct. Rec. 79).   It does not allege concealment of the nature or source of the proceeds.

The jury instructions on the money laundering counts read as follows:

> The Defendants are charged in Counts 2, 3, 4, 6, and 7 of the Indictment with transporting money internationally for the purpose of laundering in violation of the laws of the United States.
>
> In order for a defendant to be found guilty of money laundering, the government must prove each of the following elements beyond a reasonable doubt:

ORDER GRANTING RULE 29 MOTIONS - 2

First, the Defendant transported, or arranged to have transported, a monetary instrument or funds from a place in the United States to or through a place outside the United States;

Second, the Defendant knew that the monetary instrument or funds represented the proceeds of prior, separate, specified unlawful activity; and

Third, the Defendant knew that the transportation was designed in whole or in part to conceal or disguise the location, the ownership, or the control of the proceeds of the prior, separate, specified unlawful activity.

Mail fraud and wire fraud qualify under the law as specified unlawful activities.

Jury Instructions, filed 11/10/08, Ct. Rec. 165, p. 20.

There is sufficient evidence for a reasonable jury to conclude beyond a reasonable doubt that the first two elements of concealment money laundering have been satisfied as to each Defendant on each of the counts of money laundering. However, there is insufficient evidence on the third element. In *Cuellar v. U.S.,* 128 S. Ct. 1994, 2002 (2008) the Supreme Court held that the money laundering statute at issue in this case does not require proof that the defendant attempted to create an appearance of legitimate wealth. What must be proven, by direct or circumstantial evidence, is that the defendant's design had a purpose to conceal or disguise one of the listed attributes, *Id.* at 2005, in this case location, ownership or control of the funds.

The Government produced sufficient evidence to prove beyond a reasonable doubt that the Defendants transferred the funds noted in Counts 2, 3, 4, 6 and 7 from the Defendants' business bank account in Spokane, Washington to Defendant Frederick M. Simon's German bank account in order to provide the funds for Frederick M. Simon's access and use, as he was residing in Germany at the time. The Government also produced sufficient evidence to prove beyond a reasonable doubt that the transfer of funds had the purpose of putting the money out of the easy reach of actual or potential judgment creditors in the United States.

In *Cuellar* the Supreme Court noted that "[t]here is a difference between concealing something to transport it, and transporting something to conceal it . . . that is, *how* one moves

ORDER GRANTING RULE 29 MOTIONS - 3

the money is distinct from *why* one moves the money." *Id.* at 2005(internal citation omitted, emphasis in original). What is missing here, is evidence from which a reasonable jury could determine beyond a reasonable doubt that the Defendants' intent, in whole or in part, was to transfer the money in order to conceal or disguise its location, ownership or control. As previously noted, the funds were moved only once from the Defendants' business account to Frederick M. Simon's personal account which Frederick M. Simon clearly owned and had control over. The location, ownership and control of the funds were not disguised or concealed. The transaction was not circular or secretive. If it had been, it could have provided some circumstantial evidence of intent to conceal or disguise. *See, e.g. United States v. Adefehinti*, 510 F.3d 319, 322 (D.C. 2007) (where illegal proceeds were merely deposited into various bank accounts owned by the defendants and there was a lack of any convoluted transactions, the court overturned money laundering convictions). Thus, viewing the evidence in the light most favorable to the Government, the Court determines that the jury could not reasonably find the Defendants guilty beyond a reasonable doubt on the money laundering counts (Counts 2, 3, 4, 6 and 7). The evidence was insufficient to show that the Defendants' purpose or design was to conceal or disguise the location, ownership or control of the funds. Accordingly,

**IT IS ORDERED** that:

1. Defendant Frederick M. Simon  Motion for Judgment of Acquittal Pursuant to FRCrP 29, filed November 6, 2008, **Ct. Rec. 157**, on the money laundering counts (Counts 2, 3, 4, 6, and 7) is **GRANTED.**   A judgment of acquittal shall be entered for Frederick M. Simon on Counts 2, 3, 4, 6 and 7.

2. Defendant Manfred O. Simon's oral Rule 29 motion on the money laundering counts (Counts 2, 3, 4, 6, and 7) is **GRANTED.**   A judgment of acquittal shall be entered for Manfred O. Simon on Counts 2, 3, 4, 6 and 7.

The District Court Executive is directed to file this Order and provide copies to counsel.

ORDER GRANTING RULE 29 MOTIONS - 4

1    **DATED** this 12th day of November, 2008.

2

3                                              s/ Wm. Fremming Nielsen

4    11-12                               WM. FREMMING NIELSEN
                                   SENIOR UNITED STATES DISTRICT JUDGE

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ORDER GRANTING RULE 29 MOTIONS - 5